UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORI K.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:19-CV-5233-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for a period of disability and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not commit harmful error at Step Two of the sequential evaluation process regarding Plaintiff's headaches. The Court also concludes the ALJ did not err in his consideration of

Plaintiff's subjective symptom testimony and in forming Plaintiff's residual functional capacity ("RFC"). As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On January 25, 2016, Plaintiff filed an application for DIB, alleging disability as of October 15, 2015, through the date last insured, June 30, 2016. *See* Dkt. 11, Administrative Record ("AR") 17. The application was denied upon initial administrative review and on reconsideration. *See* AR 17. A hearing was held before ALJ Vadim Mozyrsky on October 19, 2017. *See* AR 25. At the hearing, Plaintiff amended her alleged disability onset date to December 22, 2015. AR 25. In a decision dated January 30, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 17. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 15; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating Plaintiff's migraine headaches under Steps Two through Five of the sequential evaluation process; (2) evaluating Plaintiff's subjective symptom testimony; and (3) determining Plaintiff's RFC. Dkt. 15.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

## I. Whether the ALJ erred by finding Plaintiff's headaches were not a severe impairment at Step Two.

Plaintiff contends the ALJ erred in his analysis at Step Two that Plaintiff's headaches were not severe. Dkt. 15, pp. 4-6.

### A. Legal Standard

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling ("SSR") 85-28)).

### B. ALJ's Findings

At Step Two, the ALJ found Plaintiff's headaches were not a severe impairment. AR 20. The ALJ stated:

> With respect to her migraines, the claimant took propranolol and Imitrex, but did not appear to experience any treatment or complications from this condition during the relevant period, as the record simply indicates that she took medication to manage her headaches.

AR 20 (citations omitted).

The ALJ found Plaintiff's migraines to be not severe because the record "simply indicates that she took medication to manage her headaches." AR 20. Plaintiff argues her headaches should have been considered a severe impairment, and points to evidence in the record showing she frequently complained of severe headaches. Dkt. 15, pp. 4-6. Plaintiff testified that she gets headaches every day and experiences light and sound sensitivity, which require her to lay down. AR 44. She also reported nausea caused by her headaches. AR 44. Plaintiff reported getting headaches and hearing pulsation, and that when she gets headaches, "[w]hen it rains feels like her head is being rattled with bullets." AR 325.

Plaintiff has not shown and the Court cannot identify any evidence in the record showing her headaches significantly limit her ability to conduct basic work activities. *See* Dkt. 15, pp. 4-6; 20 C.F.R. §§ 404.1521, 416.921 (an impairment is "not severe if it does not significant limit your physical . . . ability to do basic work activities," such as "walking, standing, [or] standing"). Further, Plaintiff's assertion that the ALJ erred is vague and unclear. Plaintiff merely lists citations to the record where she complained of headaches and provides no further support or analysis. Thus, Plaintiff failed to provide any particularized argument regarding whether the ALJ erred. *See* Dkt. 15, pp. 4-6; *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in [her] briefing"); *Thompson v. Comm'r of Internal Review*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) (citation omitted) ("appellants cannot raise a new issue for the first time in their reply briefs"). Lastly, Plaintiff did not cite and the Court has not located a medical diagnosis of headaches or migraines. Accordingly, Plaintiff has failed to satisfy the requirement that a medically determinable

impairment be diagnosed by an acceptable medical source. *See* 20 C.F.R. § 404.1521. Therefore, Plaintiff has failed to show the ALJ erred at Step Two in not finding Plaintiff's headaches were severe impairments. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights.'").

### II. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 15, pp. 6-9.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.[1]

---

[1] On March 28, 2016, the Social Security Administration changed the way it analyzes a claimant's subjective symptom testimony. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" is no longer used. 2016 WL 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's character. *See id.* at *10 ("adjudicators will not assess an individual's overall character or truthfulness"). However, the applicable Ninth Circuit case law still refers to the term "credibility." *See Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Thus, the Court will use "credibility" and "subjective symptom testimony" interchangeably.

Plaintiff alleges limitations resulting from both physical and mental impairments. AR 23-25. Plaintiff testified that pain from various physical conditions keeps her from working. AR 39. She testified the pain she feels is in her neck and spine, which goes down into her shoulders and lower extremities. AR 39. Plaintiff walks with a walker. AR 39-40. Plaintiff testified she can walk using her walker for about two blocks before needing to rest for 20 minutes. AR 40-41. Plaintiff testified that it hurts to stand and that she needs to sit down and rest after standing for 10 minutes. AR 41. Plaintiff reported having headaches every day and says she needs to avoid light and sound when she gets them. AR 43-44. Plaintiff struggles with personal care and doesn't maintain typical hygiene due to her pain. AR 195. Plaintiff does not cook or perform any household chores and drives for short periods only when necessary. AR 196-201. Plaintiff has to read instructions multiple times and leaves any decision-making to her husband. AR 199-203. Plaintiff testified her mental health also affects her ability to work because she gets forgetful, has anxiety issues, and gets nervous around people and crowds. AR 39. She has a history of panic attacks and reported she does not socialize with friends. *See* AR 23-24, 294. She reported that medication is effective in treating her anxiety. AR 24-25. Plaintiff reported flashbacks from her son's death which triggers anxiety-related symptoms. AR 405, 431, 439.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the above-alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 25. First, the ALJ discussed Plaintiff's testimony regarding her physical impairments. Second, the ALJ discussed Plaintiff's testimony regarding her mental impairments.

A. Physical Impairments

The ALJ discounted Plaintiff's testimony regarding her physical impairments for three reasons: (1) because Plaintiff's chronic obstructive pulmonary disease ("COPD") was diagnosed after the date last insured, Plaintiff showed normal breathing after the diagnosis, and any respiratory complications were accounted for in the RFC; (2) because Plaintiff's fibromyalgia and degenerative disc disease were both described as "stable" at the time of Plaintiff's abnormal echocardiogram; and (3) because Plaintiff's injury on a roller coaster occurred after the date last insured. AR 24.

1. *COPD*

First, the ALJ discounted Plaintiff's testimony regarding her physical impairments because examinations noted Plaintiff "has normal breath sounds and her breathing is unlabored" after being diagnosed with COPD. AR 24. The ALJ concluded that even if Plaintiff did have respiratory problems before her COPD diagnosis, the RFC sufficiently accounts for any respiratory complications Plaintiff may have. AR 24. On December 5, 2015 (just prior to the disability onset date of December 22, 2015), after experiencing chest pain with exertion, Plaintiff had an echocardiogram which showed abnormal results. AR 276. She was later diagnosed with COPD on May 3, 2017, more than a year after the date last insured. AR 679. The ALJ noted since the COPD diagnosis, Plaintiff has normal breath sounds and her breathing is unlabored. AR 24. The ALJ concluded that while Plaintiff likely had some respiratory symptoms and limitations prior to the date last insured, "the RFC's limitation to not even moderate exposure extreme [sic] cold or atmospheric irritants sufficiently accounts for any such complications." AR 24. ALJs must consider treatment records outside the disability period because that evidence can be relevant to a claim of disability. *Jenkins v. Astrue*, 2013 U.S. Dist. LEXIS 36417 at *17-*18 (D.

Idaho 2013) (unpublished opinion); *Burks–Marshall v. Shalala*, 7 F.3d 1346, 1348 n. 6 (8th Cir. 1993). Further, an ALJ may consider improvement in a claimant's health as evidence of persistence and intensity of symptoms. *Moungchanh v. Colvin*, 2015 WL 4494999, *5 (W.D. Wash. July 23, 2015).

Here, Plaintiff's diagnosis of COPD in 2017 is relevant to the disability determination because Plaintiff may have been suffering symptoms of COPD during the relevant period. Moreover, the examinations in 2017 showing Plaintiff has normal breath sounds and her breathing is unlabored may be relevant evidence in determining the persistence and intensity of Plaintiff's symptoms during the relevant period. The issue before the ALJ was limited, however, to a confined period of alleged disability—December 22, 2015 through June 30, 2016. Thus, the significance of her improved respiratory symptoms is limited as the examinations showing Plaintiff's improvement after the date last insured does not indicate Plaintiff was not suffering symptoms of COPD during the relevant period. Therefore, the ALJ's assertion that Plaintiff's testimony is inconsistent with the medical evidence because Plaintiff showed normal breathing since her diagnosis of COPD is not a legitimate reason for discounting Plaintiff's testimony.

However, Plaintiff has not shown that the ALJ limiting her to not even moderate exposure to extreme cold or atmospheric irritants does not account for any potential respiratory conditions Plaintiff had during the relevant period. Therefore, the Court agrees that limiting Plaintiff to light work and to not even moderate exposure to extreme cold or atmospheric irritants sufficiently accommodated any respiratory issues Plaintiff experienced during the relevant period. Accordingly, any error the ALJ committed here was harmless. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless when it is

not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination.").

### 2. *Fibromyalgia and degenerative disc disease*

Next, the ALJ determined Plaintiff's testimony was inconsistent with the medical evidence in the record because Plaintiff's fibromyalgia and degenerative disc disease were described as "stable" at the time of Plaintiff's abnormal echocardiogram. The ALJ provided three reasons in support. AR 24.

First, the ALJ pointed to several places in the record to illustrate Plaintiff's complaints of pain were overly intense when compared to objective medical findings. *See* AR 24. For example, the ALJ referenced testing done in October 2016 which revealed minimal scoliosis through the lumbar spine, with no spondylosis or spondylolisthesis, and mild degenerative changes. AR 24, 448. The ALJ noted that a cervical spine MRI revealed disc protrusion with moderate thecal sac compression and moderate spinal canal stenosis and neural foraminal stenosis, with the remaining levels of her cervical spine unremarkable. AR 446-447. The ALJ contrasted these "relatively typical imaging results" with Plaintiff's claims of "widespread neurological-type pain and joint stiffness/pain" and her reports of "not changing or showering often due to the pain associated with these activities." AR 24. The ALJ reasoned that the imaging results were inconsistent with Plaintiff's complaints because "examinations reveal[ed] intact strength and sensation throughout her extremities." AR 24.

While the ALJ may correctly note that Plaintiff's testing yielded "relatively typical" imaging results, fibromyalgia is a disease notable for its lack of usual outward signs. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004); *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (9th Cir. 2003). Social Security Administration rulings recognize that in fibromyalgia

cases, "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2P, 2012 WL 3104869, at *6. Here, the ALJ failed to consider that the tests which he cited yielding relatively typical imaging results could have occurred on Plaintiff's "good days." Because the ALJ did not address whether it was possible that Plaintiff still suffers from fibromyalgia but manifests no outward symptoms, this was not a specific, clear, and convincing reason to discount Plaintiff's testimony regarding the severity of her pain.

Second, the ALJ discounted Plaintiff's testimony regarding her inability to stand for more than 10 minutes at one time because it is inconsistent with Plaintiff's own report that she is able to jog in place for 15-30 minutes. AR 24. An ALJ may discount a claimant's testimony if the testimony is internally inconsistent. *Koehler v. Astrue,* 283 F.App'x. 443, 445 (9th Cir. 2008); *see also Smolen*, 80 F.3d at 1284 (ALJs may consider "prior inconsistent statements concerning the symptoms" when determining whether a claimant's testimony regarding the severity of her symptoms is credible). Here, Plaintiff testified at the hearing that she is unable to stand longer than 10 minutes. AR 41. By contrast, Plaintiff reported she was exercising more often by jogging in place for 15-30 minutes three times a week. AR 315, 333, 361, 397. This contradicts what Plaintiff reported at the hearing. *See* AR 397. Accordingly, the ALJ's second reason for discounting Plaintiff's testimony regarding the severity of her pain is specific, clear, and convincing.

While the ALJ provided other reasons to discount Plaintiff's testimony regarding her physical impairments, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless because the ALJ gave a specific, clear, and convincing reason to discount Plaintiff's testimony regarding her physical impairments. *See* AR 33-34; *see Molina*, 674 F.3d at 1115 (because "the ALJ provided one or more invalid reasons for

disbelieving [the Plaintiff's] testimony, but also provided valid reasons that were supported by the record," the error is harmless). Accordingly, the Court finds the ALJ properly discounted Plaintiff's testimony regarding her physical impairments.

B. Mental Impairments

The ALJ discounted Plaintiff's testimony regarding her mental impairments. *See* AR 25. First, the ALJ discussed Plaintiff's testimony regarding her anxiety and panic attacks and dismissed it because Plaintiff reported that her medication was "very effective for [treating] her panic attacks." AR 24-25. Second, the ALJ discussed Plaintiff's testimony regarding anxiety-related symptoms and irritability due to flashbacks of her son's death and dismissed it because her mental status examination ("MSE"), "while noting a depressed mood, poor recent memory, and distractibility, showed normal thought content, flow of thought, and perception, fair insight and judgment, appropriate affect and behavior, and normal orientation and speech." AR 25, 402. Third, the ALJ dismissed Plaintiff's testimony regarding her mental health more generally because Plaintiff's "mental health symptoms tended to worsen in response to increased physical pain, rather than as a separate mental health issue." AR 25.

First, the ALJ discounted Plaintiff's testimony regarding her panic attacks and anxiety because they are effectively managed by medication. AR 24-25. "An ALJ may properly rely on the fact that medication is helpful to discount a claimant's credibility." *Wilson v. Colvin*, 2013 WL 4040122, at *7 (C.D. Cal. Aug. 8, 2013). Here, Plaintiff reported that her medication was "very effective" in treating her panic attacks. AR 323. After a clinical visit, PA-C Bryan Whetton opined Plaintiff's anxiety is "well-controlled." AR 280. The ALJ relied on the fact that Plaintiff's medication is helpful in addressing her panic attacks and anxiety. Thus, the ALJ's reason for

1 | discounting Plaintiff's testimony regarding her mental impairments is specific, clear, and
2 | convincing.

3 | While the ALJ provided other reasons to discount Plaintiff's testimony regarding her mental impairments, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless because the ALJ gave a specific, clear, and convincing reason to discount Plaintiff's testimony. *See* AR 33-34; *Molina*, 674 F.3d at 1115. Accordingly, the Court finds the ALJ properly discounted Plaintiff's testimony regarding her mental impairments.

### III. Whether the ALJ met his burden at Step Five.

Plaintiff alleges the ALJ erred at Step Five by failing to consider that Plaintiff would be off task more than one quarter of the work day, or be absent, leave early, or arrive late. Dkt. 15, p. 9.

The ALJ is not required to include unsupported limitations in the RFC. Plaintiff has not shown that the additional limitations are supported by credible evidence in the record. *See* Section II, *supra*. Therefore, Plaintiff's argument fails. Thus, the Court finds the RFC assessment and the hypothetical question posed to the vocational expert ("VE") were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical question posed to the VE were proper. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"). Accordingly, the ALJ did not err at Step 5.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 26th day of February, 2020.

David W. Christel
United States Magistrate Judge